UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BYRON KEITH CHANT,<br><br>                              Plaintiff,<br>   v.<br><br>CLARK COUNTY JAIL,<br><br>                              Defendant. | No. C12-5869 RJB/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. The Court will not direct service of Plaintiff's complaint at this time because it is deficient. However, Plaintiff will be given an opportunity to file an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

ORDER TO AMEND OR SHOW CAUSE- 1

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

ORDER TO AMEND OR SHOW CAUSE- 2

commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue the Clark County Jail. He alleges that on November 5, 2011, he was left in the law library for six hours without access to a bathroom. During this time, he twice asked officers to take him back to his cell and was told that they would come back to get him but they failed to do so. Plaintiff states that one of these officers was Officer Paddy but does not know the name of the other officer. He states that he was in pain because he was unable to use the restroom facilities. Plaintiff seeks $500,000.00 in compensatory damages. ECF No. 5, pp. 3-4.

Based on the foregoing allegations, Plaintiff has failed to state a viable claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.    Claim Against County Jail**

First, Plaintiff has named only the Clark County Jail as a defendant. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo*., 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658,

ORDER TO AMEND OR SHOW CAUSE- 3

690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred.  *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)."  *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Assuming that Plaintiff amends his complaint to name a particular defendant or defendants, he must also be able to allege facts sufficient to show that the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional right.

**B.      Eighth Amendment Claim**

Plaintiff complains of his treatment at the Clark County Jail.  He alleges that he was left in the law library without access to a toilet for six hours.  Documents attached to his complaint reflect that he was to have been left in the library for one and one-half hours, that he may have had to wait longer to be escorted back to his cell because he requires a two-officer escort, and that he waived at the cameras to gain someone's attention, but no one responded.  ECF No. 5, p. 5.  In response to his grievance, the Jail Administrator responded that they would try to make sure that the situation did not happen again.  *Id.*, p. 6.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475,

ORDER TO AMEND OR SHOW CAUSE- 4

125 L.Ed.2d 22 (1993).  A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety.  See *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970.  "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred."  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2000), cert. denied, 532 U.S. 1065, 121 S.Ct. 2215, 150 L.Ed.2d 209 (2001).  Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time.  Long-term unsanitary conditions violate the Eighth Amendment, as do non-working toilets.  See, e.g., *Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir.2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995); id. at 1314–15 (placement of violent and mentally disturbed inmates in safety cell that was dirty and smelly with a pit toilet for short duration (up to one day) did not violate 8th Amendment).

In this case, Plaintiff does not allege serious harm, an offensive condition, or a condition that lasted a long time.  Nor does he allege intentional or routine conduct.  Neither negligence

ORDER TO AMEND OR SHOW CAUSE- 5

nor gross negligence is actionable under § 1983 in the prison context.  See *Farmer*, 511 U.S. at 835–36 & n. 4.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for violation of the Eighth Amendment.  He will be granted leave to amend or show cause why this claim should not be dismissed.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 16, 2012.**  If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.   The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

ORDER TO AMEND OR SHOW CAUSE- 6

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **November 16, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 7

1  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
2  **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**
3  **this Order and a copy of the General Order to Plaintiff**.

      **DATED** this __22nd__ day of October, 2012.

                                              Karen L. Strombom
                                              United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8